IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PASSARELLA, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-2354 |
| | : | |
| v. | : | |
| | : | |
| CITIZEN'S BANK and RBS CITIZEN'S FINANCIAL GROUP, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                           September 7, 2018

The *pro se* prisoner plaintiff previously commenced an action under 42 U.S.C. § 1983 against his bank seeking damages after the bank purportedly allowed an unauthorized individual to withdraw $1,600 from his bank account. This court informed the plaintiff that he could not assert a claim under section 1983 against an entity that was not acting under color of state law and provided him an opportunity to amend his complaint to show that the court had subject-matter jurisdiction over the prior action because it did not appear that the court had diversity jurisdiction. The plaintiff filed an amended complaint, but he failed to demonstrate that the court had subject-matter jurisdiction. As a result of this failure, the court dismissed the action without prejudice to the plaintiff to file the action in state court. Unfortunately, since the time of the dismissal, the plaintiff has continued to litigate the matter of the $1,600 in federal court, including attempting to file a second amended complaint in the prior action despite not having leave of court and the court having closed the case. The plaintiff has now filed another action asserting the same general claim against two defendants, one of whom was the bank the plaintiff named as a defendant in the prior action.

In the instant case, the plaintiff seeks to proceed *in forma pauperis*, and the court will grant this request. Unfortunately for the plaintiff, the court finds that he has acted maliciously in filing yet another action in federal court concerning the same subject-matter as his prior action. In addition, the court again finds that the plaintiff has failed to properly allege or demonstrate that the court has subject-matter jurisdiction over this action, which is even more egregious considering that the court has already twice spelled out what the plaintiff needed to do. Accordingly, the court will dismiss the action without prejudice to him filing the action in state court.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

As indicated in the introduction to this opinion, the *pro se* plaintiff, William Passarella, Jr. ("Passarella"), who is currently incarcerated at SCI–Mahanoy, previously commenced an action in September 2017 by filing an application to proceed *in forma pauperis* and a complaint against Citizens Bank.[1] *See Passarella v. Citizen's Bank*, No. CIV. A. 17-4349.[2] In the complaint, Passarella alleged that a family member withdrew $1,600 from his bank account without his consent or authorization.[3] *See* Compl., *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 9. Passarella contacted Citizens Bank's fraud department, and although an employee told him that she would investigate the incident, she failed to do so. *See id.* at 4. Passarella also purportedly contacted the "chairman" of the bank's fraud department in July 2017, and the chairman investigated the incident.[4] *See id.* at 4, 5. Based on these allegations,

---

[1] The matter was originally assigned to the Honorable Timothy J. Savage, but then-Chief Judge Lawrence F. Stengel reassigned the matter from Judge Savage's calendar to the undersigned's calendar on October 16, 2017. *See* Order, *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 4.
[2] The court has used the spelling Passarella used when referring to Citizens Bank in citations, but as it appears that he has misspelled both defendants' business names insofar as their names do not include apostrophes, the court uses the correct spelling of their business names in all other references in this opinion.
[3] Passarella alleged that he had opened a bank account with Citizens Bank in January 2017. *See* Compl. at 3, *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349.
[4] Passarella did not describe the outcome of the investigation.

Passarella sought $150,000 in damages and demanded the firing of the teller who gave away his money. *Id.* at 5-6.

Pursuant to 28 U.S.C. § 1915, the court reviewed the *in forma pauperis* application and proposed complaint and entered an order which, *inter alia* (1) granted the application to proceed *in forma pauperis*, and (2) dismissed the complaint without prejudice to Passarella filing an amended complaint. *See* Order at 2-3, *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 8. In dismissing the complaint without prejudice, the court noted, *inter alia*, that (1) although Passarella was purportedly asserting claims under 42 U.S.C. § 1983, he failed to (a) identify any federal statutory or constitutional right that Citizens Bank violated, or (b) include any allegations showing that Citizens Bank was acting under color of state law, (2) via his failure to allege a cognizable claim under section 1983, there was no basis for subject-matter jurisdiction under 28 U.S.C. § 1331, and (3) Passarella failed to show that the court had diversity jurisdiction under 28 U.S.C. § 1332 (to the extent he was asserting a state-law claim) because there were insufficient allegations showing that the parties were completely diverse and it did not appear that the amount in controversy exceeded $75,000. *Id.* at 2-3 & n.5, 6.

In response to the court's order, Passarella filed an amended complaint which wholly failed to address the aforementioned deficiencies. *See* Am. Compl., *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 10. Due to this failure and the lack of subject-matter jurisdiction, the court entered a memorandum opinion and order dismissing the action without prejudice to Passarella filing an action in state court. *See* Mem. Op. and Order, *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. Nos. 11, 12.

Despite the court dismissing the amended complaint, Passarella attempted to file another complaint only ten days later, which the court struck because he lacked leave of court to file a

second amended complaint.[5]  *See* Second Am. Compl., *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 13; Order, *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 14.  The court also received another application to proceed *in forma pauperis* from Passarella, which the court denied as moot.  *See* Appl. to Proceed In Forma Pauperis, *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 15; Order, *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 17.

Seemingly undeterred to present his claims regarding the $1,600 in federal court, Passarella commenced the instant action by filing another application to proceed *in forma pauperis* (the "IFP Application"), a prisoner trust fund account statement, and a complaint asserting claims against Citizens Bank and RBS Citizens Financial Group, which the clerk of court docketed on June 4, 2018.  Doc. Nos. 1-3.  Once again, Passarella is attempting to assert an action under 42 U.S.C. § 1983 in which he alleges that Citizens Bank wrongfully allowed an unauthorized individual to withdraw a total of $1,600 from his bank account.[6]  *See* Compl. at 2-3.  He claims that although the $1,600 was eventually returned to him, he did not have the money for seven months, which "inconvenienced him" because he could not purchase necessities (such as his medications) or pay his bills.  *Id.* at 3.  He asserts that he suffered from "mental and psychological stress" due to this incident.  *Id.*  He alleges that he is entitled to $150,000 in damages (including punitive damages) due to Citizens Bank's misconduct.  *Id.* at 3.  He also

---

[5] It appeared that Passarella thought that filing the action with this court somehow constituted a state-court filing because he wrote, "State Court Civil Matter," in the top-right corner of each page.  *See* Second Am. Compl., *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 13.  Passarella also attempted to add his sister, Elizabeth Cellini, who allegedly took the $1,600, as a defendant.  *See id.*

[6] Although Passarella appears to have previously identified this individual as his sister, he has omitted any reference to the identity of the individual who wrongfully withdrew the $1,600 in the instant complaint.

wants the bank teller responsible for allowing the wrongful withdrawals to apologize and he seeks to have Citizens Bank fire the teller.[7] *Id.*

Subsequent to the filing of the aforementioned IFP Application, prisoner trust fund account statement, and complaint, Passarella filed a motion for the appointment of counsel that the clerk of court docketed on June 18, 2018. Doc. No. 5. He then filed a packet of documents, including a waiver of service and completed USM-285 forms that the clerk of court docketed on August 13, 2018.[8] Doc. No. 6. He filed another motion for appointment of counsel that the clerk of court docketed on August 20, 2018. Doc. No. 7.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among

---

[7] Passarella does not appear to allege how the defendant, RBS Citizens Financial Group, is involved in this litigation. While irrelevant to this action, it appears that RBS Citizens Financial Group does not have any ownership interest in Citizens Bank. *See Citizens Financial Group Announces Completion of RBS Ownership Selldown*, Nov. 3, 2015, http://investor.citizensbank.com/about-us/newsroom/latest-news/2015/2015-11-03-190856894.aspx (last visited September 7, 2018) (explaining that "RBS has fully exited its ownership stake" in Citizens Financial Group, Inc. (which includes Citizens Bank)).

[8] In the introductory page of this packet of documents, Passarella again alleges that his sister is the individual who wrongfully withdrew the $1,600. *See* Doc. No. 6 at ECF p. 1.

other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application and prisoner trust fund account statement, it appears that Passarella is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.[9]

### B. Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction

Because the court has granted Passarella leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action

---

[9] Since Passarella is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b), even though the court is ultimately dismissing this action.

or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333,

339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Passarella bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### C. Analysis

For the reasons discussed below, the court will dismiss the complaint without prejudice because the court lacks subject-matter jurisdiction over the action and the filing of this second lawsuit is malicious. Regarding this latter ground for dismissal, Passarella has asserted the identical claims against Citizens Bank (and now, RBS Citizens Financial Group as well) that he previously asserted in Civil Action No. 17-4349. As noted above, the court dismissed the complaint and amended complaint, both of which raised the same claims against Citizens Bank, for lack of subject-matter jurisdiction.

The filing of this action, after the court previously dismissed Passarella's complaint and amended complaint, and prohibited him from filing a second amended complaint after dismissing the action without leave to amend, is malicious. In this regard, "the fact that [Passarella] was denied leave to [file a second amended complaint in that action because to do so

would be futile] does not give him the right to file a second lawsuit [in this court] based on the same facts." *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986); *see Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."); *Brodzki*, 2012 WL 125281, at *1 (determining that *pro se* plaintiff's action was malicious when he filed "a nearly identical lawsuit" against same defendant during prior year, and explaining that "Plaintiffs [sic] pattern of filing repetitive claims or claims arising out of a common nucleus of operative facts, even though those claims have been dismissed, falls squarely in the category of malicious litigation."). Instead of filing this action, Passarella should have refiled his claims in state court if he wanted to continue to litigate them.[10]

Passarella's complaint also fails to cure the jurisdictional defects noted in Civil Action No. 17-4349. Passarella used the Middle District of Pennsylvania's standard form for prisoners seeking to file a civil rights case pursuant to 42 U.S.C. § 1983. Similar to his allegations in the complaint at Civil Action No. 17-4349, Passarella has not articulated any basis in the complaint for a federal claim against Citizens Bank or RBS Citizens Financial Group for purposes of invoking the court's federal question jurisdiction under 28 U.S.C. § 1331.[11]

---

[10] The court recognizes that it appeared that Passarella attempted to file a state court action by improperly filing a second amended complaint at Civil Action No. 17-4349, which contained the phrase "State Court Civil Matter" in the upper right hand corner of each page of the document. *See* Compl., *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 13. In striking the improperly filed second amended complaint at Civil Action No. 17-4349, the court explained to Passarella, *inter alia*, that (1) the court could not transfer the case to the state court, (2) filing documents with the clerk of court for this court does not constitute a filing in state court, and (3) he needed to file a new complaint in the state court by following the state court's procedures. *See* Order, *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 14. Passarella has apparently declined to heed the court's instructions.

[11] Passarella indicated on the first page of the form complaint that he was pursuing an action against the defendants under 42 U.S.C. § 1983. To succeed on such a claim,

> a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States, and he must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 47, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting

Because it appears that Passarella cannot maintain a section 1983 action against the defendants, the only other possible basis for federal subject-matter jurisdiction in this action would be if he could invoke the court's diversity jurisdiction by asserting a cause of action under state law, alleging that the parties are completely diverse, and claiming that the amount in controversy exceeds $75,000 exclusive of interest and costs. As discussed below, the complaint fails to establish diversity jurisdiction for the same reasons the court found in Civil Action No. 17-4349.

The diversity jurisdiction statute, 28 U.S.C. § 1332, grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other

---

under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir.2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (internal quotation marks and citations omitted). The Third Circuit has

> outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:
> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks and citation omitted).

In the complaint, there are no allegations that would support a cause of action under section 1983 against the defendants. Passarella has not identified any federal statute or constitutional right that the defendants allegedly violated in this case, and the court cannot discern any such violation from the allegations in the complaint. Additionally, there are no allegations plausibly supporting a finding that the defendants are state actors. *See, e.g.*, *Bailey*, 188 F. App'x at 67-68 (concluding that defendant bank was not state actor despite arguments by plaintiff that government extensively regulated bank, and bank called police to address possible disturbance created by plaintiff); *Swope v. Northumberland Nat'l Bank*, No. 4:13-CV-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) ("[T]he Third Circuit Court of Appeals has repeatedly found that constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors." (citations omitted)). Therefore, Passarella has yet again failed to state a claim against Citizens Bank (and RBS Citizens Financial Group) that would entitle him to relief under section 1983.

basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

Here, it does not appear that the parties are completely diverse or that the amount in controversy exceeds $75,000. As for complete diversity, although Passarella alleges that he is incarcerated at SCI – Mahanoy in the Commonwealth of Pennsylvania, *see* Complaint at 1, he once again does not allege the state of his domicile prior to his incarceration. *See Robinson v. Temple Univ. Health Servs.*, 506 F. App'x 112, 115 (3d Cir. 2012) (per curiam) (explaining that "[t]he traditional view is that a prisoner remains a citizen of the state of which he was a citizen before his imprisonment," and that other circuits "follow a rebuttable presumption model; those courts presume that a prisoner does not change his domicile by being incarcerated in a new state, but they permit him to rebut that presumption"). In addition, the only allegation relating to Citizens Bank's citizenship is that it is located in Aldan, Pennsylvania. *See* Complaint at 2. These allegations are insufficient to establish complete diversity among the parties.[12]

Even if the parties were completely diverse, the amount in controversy does not appear to exceed the jurisdictional limit of $75,000, exclusive of interest and costs. The court recognizes that "[a] plaintiff's burden of satisfying the amount in controversy required for diversity jurisdiction 'is not especially onerous.'" *Quinones-Velazquez v. Maroulis*, 677 F. App'x 801, 802 (3d Cir. 2017) (per curiam) (quoting *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016)). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted); *see Spectacor Mgmt. Grp. v.*

---

[12] He alleges that RBS Citizens Financial Group has an address in Providence, Rhode Island. *See* Compl. at 2.

*Brown*, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."). Since "[t]he sum claimed by the plaintiff controls if the claim is apparently made in good faith[, i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

Here, although Passarella purports to again seek $150,000 in damages, there are no plausible allegations in the complaint that would seemingly warrant a damages award remotely that high. Although Citizens Bank wrongfully allowing an unauthorized individual to withdraw Passarella's $1,600 is serious, Passarella does not allege that he suffered an actual financial loss because he alleges that Citizens Bank returned the $1,600 to him after a period of seven months. *See* Compl. at 3. He nonetheless asserts that during the seven-month period that he did not have the $1,600, he could not pay his bills or pay for his necessities, and he suffered from mental and psychological stress. *Id.* After considering these allegations, and as they have not changed substantively from his allegations of damages in Civil Action No. 17-4349, the court finds that there are no plausible good faith allegations that would support a determination that Passarella's actual damages, *i.e.* the amount in controversy, exceeds $75,000, much less the $150,000 he is seeking in this matter.

As a final point, Passarella has filed two motions seeking the appointment of counsel. Because the court has determined that the court lacks subject-matter jurisdiction over this action, the court denies the motions for the appointment of counsel as moot.[13]

---

[13] Civil litigants do not have a constitutional right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." (citation omitted)). Nonetheless, pursuant to 28 U.S.C. § 1915(e)(1), "[a] court may request an attorney to represent any person unable to employ counsel." *Id.* at 457 (quoting *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). However, the Third Circuit has directed district courts to "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (citation omitted). Therefore, a court should appoint counsel only when cases "have some merit in fact and law." *Id.*

### III. CONCLUSION

For the foregoing reasons, the court will grant Passarella leave to proceed *in forma pauperis* and dismiss the complaint without prejudice for lack of subject-matter jurisdiction and because it is malicious. The court will not grant Passarella leave to file an amended complaint as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Nevertheless, Passarella may still refile his claims against the defendants in state court. The court will also deny as moot Passarella's requests for the appointment of counsel.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

(citation omitted). If the plaintiff's claim has merit, then the Third Circuit has suggested that the following factors serve as a guidepost to courts in determining whether to employ counsel:
> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id*. (citation omitted).

Even if the court had subject-matter jurisdiction over this action, the court would not grant Passarella's motions for the appointment of counsel for the same reasons identified in the court's March 12, 2018 Memorandum Opinion in Civil Action No. 17-4349. As the court stated there:
> There is no indication that Passarella lacks the ability to present this case; the particular legal issue (whether [Citizens Bank] allowed an unauthorized individual to withdraw money from Passarella's account) is not particularly complex; it does not appear that a significant factual investigation will be necessary; it does not appear that the case will turn on credibility determinations; and it does not appear that the case will require expert testimony. Although it appears that Passarella cannot afford counsel on his [own] behalf, the other factors weigh heavily in favor of the court not appointing counsel.

Mem. Op. at 6-7, *Passarella v. Citizen's Bank*, No. CIV. A. 17-4349, Doc. No. 11.